UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-60 |
| | § | |
| LIEUTENANT HINOJOSA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Robert Garcia, who is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Mark Stiles Unit in Beaumont, Texas, has filed this civil rights action. Plaintiff has been granted leave to proceed *in forma pauperis*. Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (D.E. 8).

Plaintiff's allegations in this civil rights action arose in connection with his stay as a pretrial detainee in the Nueces County Jail. Plaintiff sues Lieutenant Hinojosa of the Nueces County Sheriff's Department and Nueces County Sheriff Kaelin. Plaintiff claims that Lt. Hinojosa used excessive force against him and that Sheriff Kaelin failed to adequately train and supervise his employees. Plaintiff seeks compensatory and punitive damages.

Plaintiff seeks the appointment of counsel to assist him in the prosecution of this case. In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must

1 / 3

provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Because Plaintiff's action has not been scheduled for trial, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (D.E. 8) is DENIED.

ORDERED this 18th day of April, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE