Case 2:18-cv-00060   Document 34   Filed on 02/22/19 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-60 |
| | § | |
| LIEUTENANT HINOJOSA, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ACTION

Plaintiff Robert Garcia, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Voluntarily Dismiss Action. (D.E. 32).

Plaintiff, an inmate currently housed at the Mark Stiles Unit of the Texas Department of Criminal Justice, raises in this civil right action an Eighth Amendment claim of excessive force against Lieutenant Humberto Hinojosa ("Defendant") arising from his time in the Nueces County Jail as a pretrial detainee. (D.E. 11). Plaintiff also made claims against Nueces County and Sheriff Jim Kaelin, but he has voluntarily dismissed those defendants. (D.E. 19, 20).

On October 10, 2018, Defendant filed a motion for summary judgment, to which Plaintiff did not respond. (D.E. 30). Defendant contended that Plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). On February 4,

2019, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Defendant's summary judgment motion be granted and that this action be dismissed for failure to exhaust administrative remedies. (D.E. 31).

On February 14, 2019, Plaintiff moved to voluntarily dismiss this action without prejudice. (D.E. 32). While also styling his motion as objections, Plaintiff offers nothing to suggest that he disagrees with the findings and conclusions in the M&R. Rather, Plaintiff acknowledges that he did not exhaust his administrative remedies. (D.E. 32, p. 2).

Defendant objects to Plaintiff's motion, arguing that he will suffer prejudice should the voluntary dismissal be granted. (D.E. 33, p. 2). Specifically, Defendant contends that he will "suffer legal prejudice if this Court grants [Plaintiff's] motion because [Defendant] will be denied finality on this preliminary issue [of exhaustion] after the considerable resources expended to present this issue for the Court's consideration." (D.E. 33, p. 3).

The Court generally has discretion to grant Plaintiff's motion for voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "In ruling on a motion under Rule 41(a)(2), the court considers the risk of prejudice to the nonmovant and whether dismissal of the action will result in plain legal prejudice to the nonmovant." *Great American Ins. Co. v. Goin*, No. 3:15-CV-75-L, 2017 WL 4238698, at *5 (N.D. Tex. Sep. 25, 2017) (internal quotations and citation omitted). Thus, "[i]f a

defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Acc. & Imdem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 361 (5th Cir. 1990). Typical examples of such prejudice occur when: (1) a party seeks dismissal in the later stages of litigation after the defendant has exerted significant time and effort; or (2) a party seeks to avoid an imminent, adverse ruling. *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010); *United States ex rel. Doe v. Dow Chem. Co.*, 343 F3d 325, 330 (5th Cir. 2003).

In this case, Defendant has exerted time and considerable resources in preparing his summary judgment motion to which Plaintiff did not respond. The undersigned recently issued an M&R recommending that Defendant's summary judgment motion be granted and that this action be dismissed for lack of exhaustion. Given these events, it is apparent that Plaintiff now seeks to avoid an imminent, adverse ruling by the District Judge on both Defendant's summary judgment motion and the M&R. The undersigned finds, therefore, that Defendant will suffer legal prejudice if the Court grants Plaintiff's motion for voluntary dismissal. Indeed, granting Plaintiff a voluntary dismissal at this stage in the case would deny Defendant finality as to the issue of exhaustion and essentially place the parties in the same position as if this action had never been filed.

Accordingly, it is respectfully recommended that Plaintiff's Motion to Voluntarily Dismiss Action (D.E. 32) be DENIED.[1]

Respectfully submitted this 22nd day of February, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

---

[1] Because the undersigned recommends that Plaintiff's motion be denied, it is unnecessary to address Defendant's alternative argument that the Court order Plaintiff to pay the costs of this action as a condition precedent to refiling his claim against Defendant.